Ronald Wilcox, State Bar No. 176601
Attorney at Law
2160 The Alameda, Suite F, First Floor
San Jose, CA 95126
Phone: 408-296-0400
Fax: 408-296-0486

Attorney for Plaintiff JILLIAN MCINTYRE

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| JILLIAN MCINTYRE, )<br><br>       Plaintiff, )<br><br>v. )<br>        )<br>RESURGENCE FINANCIAL, LLC, a )<br>corporation; HUAN TIEN NGUYEN; and )<br>NICK ZAGORSKI, )<br>        )<br>       Defendants. )<br>        )<br>        )<br>_____ ) | Civil Case No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |

## COMPLAINT

## I. INTRODUCTION

1.    This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), the California Rosenthal Act, Civil Code §1788 *et seq*. ("Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices, and related common law tort claims.  Defendant sued Plaintiff on a time-barred debt; then refused to dismiss the suit.  Defendants made false deceptive and misleading statements in an effort to collect a debt, attempted to collect an amount not owed by contract or law, threatened, and took, action it could not legally take, engaged in conduct the natural consequence which was to annoy, harass and abuse, and engaged in unfair and unconscionable practices in an attempt to collect a debt.  Plaintiff suffered severe emotional distress as a direct result of Defendants' unlawful conduct.

## II. JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3.      Plaintiff JILLIAN MCINTYRE ("Plaintiff") is a natural person residing in San Mateo County, California.

4.      Defendant RESURGENCE FINANCIAL, LLC ("Defendant Resurgence") is an Illinois corporation doing business in this state with its principal place of business located at 4100 Commercial Ave., Northbrook, IL 60062.  Defendant regularly attempts to collect debts owed another and/or purchases defaulted debts to attempt to collect on.  Defendant Resurgence is a "debt collector" as that is defined by 15 U.S.C. 1692(a)(6) and Civil Code § 1788.2.

5.      Defendant HUAN TIEN NGUYEN is a collection attorney employed at Defendant Resurgence's Costa Mesa Office.  Defendant Nguyen regularly attempts to collect debts on behalf of others and Resurgence Financial, LLC.  Defendant Nguyen is a "debt collector" under 15 U.S.C. 1692a(6).

6.      Defendant NICK ZAGORSKI is a collection employee employed at Defendant Resurgence's Costa Mesa Office.  Defendant Zagorski regularly attempts to collect debts on behalf of others and Resurgence Financial, LLC.  Defendant Zagorski is a "debt collector" under 15 U.S.C. 1692a(6) and Civil Code §1788.2.

7.      Defendant is the entity or individual who contributed to or participated in, or authorized the acts or conspired with the named Defendant to commit the acts and do the things complained of which caused the injuries and damages to Plaintiff as set forth below.  Each of the parties, named and fictitious, acted as principal and agent, each of the other, and combined and concurred each with the others in committing the acts that injured the Plaintiff.

8.      Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C.§1692a(3).

9.      The purported debt that Defendant attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C.§1692a(5).

10.    Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code §1788.2(h).

11.    The purported debt which Defendant attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

12.    The Plaintiff alleges that at all times herein mentioned, each of the Defendants were, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge consent and ratification of the other Defendants.  Defendants authorized, approved and/or ratified the acts herein.

13. Any reference hereinafter to "Defendant" or "Defendants" or "Defendant" without further qualification is meant by the Plaintiff to refer to all the defendants above.

## IV.  <u>FACTUAL ALLEGATIONS</u>

14.    The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

### *Defendants' Pattern and Practice*

15.    Plaintiff alleges the following paragraphs on information and belief.

16.    Defendant purchases old, defaulted debts in batches of one thousand (or more) accounts at a time, for which it pays pennies (or less) on the dollar.

17.    Defendant then files lawsuits against individuals allegedly indebted on an account to a creditor, which account Defendant claims to have purchased directly or indirectly from the creditor.

18.    Defendant does not obtain from the original creditor, or from an assignee of the original creditor any detailed payment history or other documentary proof demonstrating the amount of the debt allegedly owed by the debtor.

19.    Similarly, Defendant does not obtain documentation of the original agreement (including the interest rate) or appropriate documentation of the chain of ownership of the Debt.  This is common practice in the industry because of the time and cost of obtaining such documentation.

20.    This type of debt is transferred electronically; the seller does not provide paperwork to Defendant, which would be considered satisfactory evidence of the debt if submitted to a court.  The

3

Complaint and Demand for Jury Trial (Unlawful Debt Collection Practices)

electronic evidence of the sale consists of debtor's name, account number, and alleged indebtedness, without any information about the original contract, the debtor's payments, or detailed payment history, interest rate, etc.

21.     Defendant chooses not to obtain the documentation needed to investigate, and prove if possible, its debt-collection claims such as that against Plaintiff.  Defendant is unwilling to incur the expense of doing so; in many cases such documentation is simply not available to the Defendants.

22.     The default rate on lawsuits brought by Defendant is extremely high; once a default judgment is entered, the debtor's chances of overturning it are virtually limited to those situations where service of process was improper.

23.     Thus, in the vast majority of cases, Defendant can proceed to post judgment collection regardless of whether it could have proved its case in disputed litigation.

24.     Defendant typically demands an award of attorneys' fees without a legal basis, as its claim is based on a non-existent or unavailable contract between the debtor and the original creditor.  Further, Defendant alleges common counts, to avail itself of a statutory award of attorneys' fees, to which banks and their assignees are not entitled.

25.     Moreover, Defendant regularly fails to undertake a reasonable investigation into whether a debtor's claim is barred by the Statute of Limitations.

26.     Defendant sued Plaintiff on a time-barred debt; then refused to dismiss the suit.  Defendants made false deceptive and misleading statements in an effort to collect a debt, attempted to collect an amount not owed by contract or law, threatened action it could not legally take, engaged in conduct the natural consequences it to annoy, harass and abuse, and engaged in unfair and unconscionable practices in an attempt to collect a debt.

### The Defendant Acted with Improper Motives

27.     Defendant thus institute debt-collection suits such as that against the Plaintiff in the hopes that the matter will go by default to Defendant.  Defendant therefore counts on obtaining a default judgment in such cases with "evidence" that they know would not survive opposition scrutiny at trial.  Defendant is unwilling and incapable of obtaining appropriate evidence to prevail at trial.

28.     Defendant's primary purpose in filing actions against debtors is to obtain default judgments; Defendant regularly dismiss actions filed against debtors if the debtor contests the lawsuit because of a)

4

Complaint and Demand for Jury Trial (Unlawful Debt Collection Practices)

Defendant's lack of and inability to obtain admissible evidence and b) Defendant's wish to avoid liability for a defendant's attorneys' fees.

29.    When Defendant dismisses such actions without prejudice, it may sell the account to another company that buys old debt, knowing, and thus perpetuating the possibility that the debtor may be subjected to further debt collection activities.

***Defendant Wrongfully Continued to Prosecute***

30.    Defendant acting as a successor party in interest sought to collect on a Debt owed by Plaintiff on a Unifund CCR Partners/Citibank (South Dakota), N/Citibank Universal Card Svcs credit card account that Plaintiff had used for personal, family, and household services (the Debt).

31.    Defendant tried to collect on the Debt by causing its attorneys to file an action against Plaintiff on November 3, 2006 in the State of California Superior Court of San Mateo, Hall of Justice and Records Case No. CLJ 458756 (the Action).

32.    All of the above allegations existed, or came into play with respect to the Action brought against Plaintiff by the Defendant.

33.    On or about November 4, 2006, Defendant served Plaintiff with a baseless complaint in the Action, *Resurgence, LLC v. McIntyre*.

34.    The complaint made false, deceptive and misleading statements in an attempt to collect.

35.    As a direct result of the unlawful Action, Plaintiff was completely distracted and consumed with researching the statute of limitations and wage garnishment laws in California.

36.    As a direct result of the unlawful Action, Plaintiff was unable to concentrate at work and was too depressed to engage in the normal daily functions she normally engages in.

37.    Confused by the lawsuit, on or about November 6, 2006, Plaintiff called Defendant to question the very old debt, and inquire as to any Court dates set in the matter.  Plaintiff spoke to Defendant Nick Zagorski.

38.    Defendant Zagorski indicated, falsely, that there was a Court date set for December 9, 2006.

39.    Defendant Zagorski also proceeded to give Plaintiff four different amounts for the alleged debt, without explaining how it arrived at any of the figures.

40.    Disputing and questioning the debt, Plaintiff requested any documentation Defendant had to support the debt.

Complaint and Demand for Jury Trial (Unlawful Debt Collection Practices)

41.     Defendant Zagorski replied that it could put a request in, and "We'll see you in court."

42.     Despite not having the appropriate documentation to support the debt, Defendant Zagorski told Plaintiff it would obtain a judgment and garnish her wages.

43.     When Defendant Zagorski became abusive and harassing, Plaintiff requested to speak to a manager.  Defendant Zagorski denied Plaintiff's request.

44.     On or about November 7, 2006, Plaintiff called the San Mateo County Superior Court Clerk's Office.  The Clerk's Office indicated there was no Court date set for December 9, 2006.

45.     The Clerk's Office also provided Plaintiff with some telephone numbers on where she could seek legal assistance, but calling such telephone numbers was ultimately fruitless.

46.     By November 8, 2006, Plaintiff's co-workers began to notice Plaintiff was distraught and distracted.

47.     Plaintiff became severely depressed, just wanting to sleep.

48.     Confused as to whether or not there was any Court date on December 9, 2006, Plaintiff became more fearful and anxious.

49.     By this time Plaintiff experienced stress, diarrhea, weight gain, hair loss, and skin problems as a direct result of Defendants' unlawful actions and Plaintiff's confusing telephone call with Defendant.

50.     Defendants' actions in maliciously continuing the baseless lawsuit forced Plaintiff to retain an attorney to defend her.

51.     On or about December 14, 2006, Plaintiff, through counsel, faxed and mailed Defendant a Demand for Copy of Items of Account, Pursuant to CCP § 454.

52.     On or about December 20, 2006, Plaintiff received Defendant's response to Plaintiff's Demand for Copy of Items of Account, Pursuant to CCP § 454.  Defendant's response contained Exhibits that did not show appropriate documentation regarding the original creditor, or from an assignee of the original creditor, any appropriate payment history or other documentary proof demonstrating the amount of the debt allegedly owed by the debtor, or any documentation of the original agreement (including the interest rate) or appropriate documentation of the chain of ownership of the Debt, or any other satisfactory evidence of the debt.

Complaint and Demand for Jury Trial (Unlawful Debt Collection Practices)

53.    Defendant knew that the alleged evidence it possessed, and were willing or able to obtain during the course of litigation was, and would be insufficient as a matter of law to prove a case at time of trial.

54.    Regardless, Defendant continued to prosecute the Action knowing that the Action had no merit.

55.    In so acting, Defendants engaged in deceptive behavior by intending to convince Plaintiff that Defendant would prevail in the action.

56.    Therefore, Defendant falsely represented Defendant's legal claim to the Debt, and therefore misrepresented the legal status, amount and character of the Debt.  As each day passed, Plaintiff experienced severe emotional distress as a direct result of Defendant's unlawful actions.

57.    Ultimately, Defendant dismissed the Action without prejudice on January 22, 2007, nearly three months after Plaintiff telephoned Defendant questioning and disputing the time barred debt, and requesting any documents Defendant had to support the debt.

### The Debt was Time-Barred

58.    Defendants knew or should have known that the Action was time-barred.

59.    Plaintiff had not made any payment on the account within 4 years of November 4, 2006.

60.    Defendants' reliance on the documents provided from the predecessor owners of the debt was unreasonable.

61.    Defendants engaged in an unfair or unconscionable means of collecting a debt.

### Defendants Sought to Collect Sums They Were Not Entitled to By Law or Contact

62.    Defendants sought to recover sums, including attorney's fees, they were not entitled to by law or contract.

### Affect on the Plaintiff

63.    Defendants harassed, oppressed and abused Plaintiff by attempting to collect on an alleged Debt in the manner described above.

64.    As a result of acts alleged above, Plaintiff suffered fear, anguish, and extreme emotional distress, which manifested itself in various forms, including, diarrhea (almost daily), upset stomach, loss of hair, lack of motivation, weight fluctuations, constant worry, depression, anxiety, crying fits, exhaustion,

nervousness, irritability, and humiliation.  Further, Plaintiff was forced to incur legal expenses in defense of the Action.

65.     The acts complained of above are part of a pattern and practice of harassment by Defendants.

## V. **FIRST CLAIM FOR RELIEF - FDCPA**

66.     Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

67.     Defendants' acts and omissions violated the FDCPA.  Defendants' violations include, but are not limited to, the following actions taken against Plaintiff:

(a) Defendants violated 15 U.S.C. §1692e(2)(A) by falsely representing the legal status of the Debt.

(b) Defendants violated 15 U.S.C. §1692e(2)(A) by falsely representing the character of the Debt.

(c) Defendants violated 15 U.S.C. §1692e(2)(A) by falsely representing the amount of the Debt.

(d) Defendants violated 15 U.S.C. §1692e(5) by taking action, and/or threatening to take action, it could not lawfully take.

(e) Defendants violated 15 U.S.C. §1692e(10) by using false, deceptive and misleading communications in an attempt to collect a debt.

(f) Defendants violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff.

(g) Defendants violated 15 U.S.C. §1692f by using unfair or unconscionable means to attempt to collect a debt in suing on a time-barred debt.

(h) Defendants violated 15 U.S.C. §1692f (1) by attempting to collect an amount of principal and interest not authorized by agreement or permitted by law.

(i) Defendants violated 15 U.S.C. §1692f (1) by attempting to collect attorneys' fees not authorized by agreement or permitted by law.

68.     Defendants' violations of the FDCPA were willful and knowing. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI. **SECOND CLAIM FOR RELIEF CALIFORNIA FDCPA**

Complaint and Demand for Jury Trial (Unlawful Debt Collection Practices)

**(As to Defendants Resurgence and Zagorski)**

69.    Plaintiff repeats, realleges and incorporates by reference all of foregoing paragraphs.

70.    The Defendants acts and omissions violated the Rosenthal Act by including but not limited to, the following:

(a)    Defendants violated California Civil Code §1788.17 by violating 15 U.S.C. §1692e(2)(A), in falsely representing the legal status of the Debt.

(b)    Defendants violated California Civil Code §1788.17 by violating 15 U.S.C. §1692e(2)(A) in falsely representing the amount of the Debt.

(c)    Defendants violated California Civil Code §1788.17 by violating 15 U.S.C. §1692e(2)(A) in falsely representing the character of the Debt, §1692e(5) by taking action, and/or threatening to take action, it could not lawfully take, and §1692e(10) by using false, deceptive and misleading communications in an attempt to collect a debt.

(d)    Defendants violated California Civil Code §1788.17 by violating 15 U.S.C. §1692f in using unfair or unconscionable means to attempt to collect a debt in suing on a time-barred debt.

(e)    Defendants violated California Civil Code §1788.17 by violating 15 U.S.C. §1692f (1) in attempting to collect an amount of principal and interest not authorized by agreement or permitted by law.

(f)    The Defendants violated California Civil Code §1788.17 by violating 15 U.S.C. §1692f (1) by attempting to collect attorneys' fees not authorized by agreement or permitted by law.

(g)    The Defendants violated California Civil Code §1788.17 by violating 15 U.S.C. §1692d.

71.    Defendants' violations of the Rosenthal Act were willful and knowing.  Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, attorney's fees and costs pursuant to California Civil Code §1788.30.

### VII.  THIRD CLAIM FOR RELIEF – MALICIOUS PROSECUTION

72.    Plaintiff repeats, realleges and incorporates by reference all of foregoing paragraphs.

73.    Defendants' earlier action against Plaintiff was pursued to a legal termination in favor of Plaintiff.

Complaint and Demand for Jury Trial (Unlawful Debt Collection Practices)

74.    Defendants' earlier action against Plaintiff was brought, and/or continued without probable cause.

75.    Defendants' earlier action was initiated, or continued with malice.

76.    Defendants' actions were malicious, oppressive and fraudulent, warranting an award of punitive or exemplary damages.

## VIII.  **PRAYER**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

(a) Statutory damages pursuant to 15 U.S.C. §1692k, California Civil Code §1788.17, and California Civil Code §1788.30;

(b) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, California Civil Code §1788.17 and §1788.30;

(c)  Actual damages; and

(d) For such other and further relief as the Court may deem just and proper.

Dated: _____            _____
                                        Ronald Wilcox, Attorney for Plaintiff Jillian McIntyre

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Dated: _____            _____
                                        Ronald Wilcox, Attorney for Plaintiff Jillian McIntyre

Complaint and Demand for Jury Trial (Unlawful Debt Collection Practices)