1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:   (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6  Attorneys for Defendants
   Resurgence Financial, LLC,
7  Huan Tien Nguyen and Nick Zagorski

8

9               UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12  JILLIAN MCINTYRE,              )   CASE NO.: C 07 05565 JCS
                                   )
13                                 )
                                   )
14         Plaintiff,              )
                                   )   **ANSWER OF DEFENDANTS TO**
15                                 )   **COMPLAINT**
           vs.                     )
16                                 )
                                   )
17  RESURGENCE FINANCIAL, LLC,     )
    a corporation, HUAN TIEN       )
18  NGUYEN and NICK ZAGORSKI,      )
                                   )
19         Defendants.             )
                                   )
20  ─────────────────────────     )

21

22

23

24

25

26

27

28

---

MCINTYRE V. RESURGENCE FINANCIAL, LLC ET AL. (CASE NO. C 07 05565 JCS)
ANSWER TO COMPLAINT

1    Defendants RESURGENCE FINANCIAL, LLC ("Resurgence"), HUAN

2 TIEN NGUYEN ("Nguyen") and NICK ZAGORSKI ("Zagorski") (collectively,

3 "Defendants") hereby submit the following Answer to the Complaint filed in this

4 action by plaintiff JILLIAN MCINTYRE ("Plaintiff"):

5    1.    In answering Paragraph 1 of the Complaint, Defendants aver that the

6 contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and

7 the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et*

8 *seq.* are self-explanatory.  Except as herein admitted, the remaining allegations of

9 Paragraph 1 are denied.

10    2.    In answering Paragraph 2 of the Complaint, Defendants admit that

11 Plaintiff alleges that jurisdiction of this Court arises under 15 U.S.C § 1692k(d)

12 and 28 U.S.C. § 1337; that supplemental jurisdiction exists for Plaintiff's state law

13 claims pursuant to 28 U.S.C. § 1367; and that declaratory relief is available

14 pursuant to 28 U.S.C. §§ 2201 and 2202.  Defendants further admit that Defendant

15 Resurgence Financial has conducted interstate business with residents of this

16 judicial district.  Except as herein admitted, the remaining allegations of Paragraph

17 2 are denied.

18    3.    Defendants admit, on information and belief, the allegations of

19 Paragraph 3 of the Complaint.

20    4.    In answering Paragraph 4 of the Complaint, Defendants admit that

21 defendant Resurgence is an Illinois limited liability company with its principal

22 place of business located at 4100 Commercial Avenue, Northbrook, IL 60062 and

23 that Resurgence has at times conducted interstate business with residents of the

24 state of California.  Defendants further admit that Resurgence has, at times, acted

25 as a "debt collector" as defined by 15 U.S.C. § 1692a(6) and California Civil Code

26 § 1788.2(c).  Except as herein admitted, the remaining allegations of Paragraph 4

27 are denied.

28

5.      In answering Paragraph 5 of the Complaint, Defendants admit that defendant Nguyen is an attorney that was formerly employed by Resurgence in Costa Mesa, California.  Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6.      In answering Paragraph 6 of the Complaint, Defendants admit that defendant Zagorski was formerly employed by Resurgence in Costa Mesa, California.  Except as herein admitted, the remaining allegations of Paragraph 6 are denied.

7.      Denied.

8.      In answering Paragraph 8 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "consumer" as defined by 15 U.S.C. § 1692a(3) and on that basis, deny the allegation.  Except as herein admitted, the remaining allegations of Paragraph 8 are denied.

9.      In answering Paragraph 9 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff's financial obligation at issue qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5) and on that basis, deny the allegation.  Except as herein admitted, the remaining allegations of Paragraph 9 are denied.

10.      In answering Paragraph 10 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "debtor" as defined by California Civil Code § 1788.2(h) and on that basis, deny the

1   allegation.  Except as herein admitted, the remaining allegations of Paragraph 10
2   are denied.

3        11.    In answering Paragraph 11 of the Complaint, Defendants lack
4   sufficient knowledge to form a belief as to whether Plaintiff's financial obligation
5   at issue was incurred primarily for personal, family or household purposes, and
6   therefore can neither admit nor deny whether Plaintiff's financial obligation at
7   issue qualifies as a "consumer debt" as defined by California Civil Code §
8   1788.2(f) and on that basis, deny the allegation.  Except as herein admitted, the
9   remaining allegations of Paragraph 11 are denied.

10       12.    Denied.

11       13.    Defendants aver that no response to Paragraph 13 of the Complaint is
12  required of them.

13       14.    In answering Paragraph 14 of the Complaint, Defendants aver that the
14  contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. are
15  self-explanatory.  Except as herein admitted, the remaining allegations of
16  Paragraph 14 are denied.

17       15.    Defendants aver that no response to Paragraph 15 of the Complaint is
18  required of them.

19       16.    In answering Paragraph 16 of the Complaint, Defendants admit that
20  Resurgence has, at times, purchased portfolios of charged-off debt for less than the
21  face value of the original debt.  Except as herein admitted, the remaining
22  allegations of Paragraph 16 are denied.

23       17.    In answering Paragraph 17 of the Complaint, Defendants admit that
24  Resurgence has, at times, retained counsel to file lawsuits to recover the debt that
25  it has purchased directly or indirectly from the original creditor.  Except as herein
26  admitted, the remaining allegations of Paragraph 17 are denied.

27       18.    Denied.

28

1    19.    Denied.

2    20.    Denied.

3    21.    Denied.

4    22.    Denied.

5    23.    Denied.

6    24.    Denied.

7    25.    Denied.

8    26.    In answering Paragraph 26 of the Complaint, Defendants admit that

9   Resurgence sued Plaintiff to collect on a financial obligation that was owed to it

10  by Plaintiff.  Except as herein admitted, the remaining allegations of Paragraph 26

11  are denied.

12   27.    Denied.

13   28.    Denied.

14   29.    Denied.

15   30.    In answering Paragraph 30 of the Complaint, Defendants admit that

16  Resurgence sought to collect on a financial obligation, originally incurred by

17  Plaintiff on a credit card issued by Citibank Universal Card Services, and that the

18  debt was owed by Plaintiff.  Defendants lack sufficient knowledge to form a belief

19  as to the remaining allegations of Paragraph 30 of the Complaint and on that basis,

20  deny them.

21   31.    In answering Paragraph 31 of the Complaint, Defendants admit that

22  Resurgence engaged attorneys to file a collection action against Plaintiff, which

23  action was commenced on November 3, 2006 in the Superior Court of California,

24  County of San Mateo under case number CLJ 458756 (the "Underlying Action").

25  Except as herein admitted, the remaining allegations of Paragraph 31 are denied.

26   32.    Denied.

27

28

MCINTYRE V. RESURGENCE FINANCIAL, LLC ET AL. (CASE NO. C 07 05565 JCS)
ANSWER TO COMPLAINT                                                    5.

33.    In answering Paragraph 33 of the Complaint, Defendants admit that the complaint in the Underlying Action was properly served upon Plaintiff on or about November 4, 2006.  Except as herein admitted, the remaining allegations of Paragraph 33 are denied.

34.    Denied.

35.    In answering Paragraph 35 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether "Plaintiff was completely distracted and consumed with researching the statute of limitations and wage garnishment laws in California" and on that basis, deny the allegation.  Defendants deny the remaining allegations of Paragraph 35 of the Complaint.

36.    In answering Paragraph 36 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether "Plaintiff was unable to concentrate at work and was too depressed to engage in the normal daily functions she normally engages in" and on that basis, deny the allegation.  Defendants deny the remaining allegations of Paragraph 36 of the Complaint.

37.    In answering Paragraph 37 of the Complaint, Defendants admit that on or about November 6, 2006, Plaintiff phoned Resurgence and spoke with Zagorski.  Defendants lack sufficient knowledge to form a belief as to the remaining allegations of Paragraph 37 of the Complaint and on that basis, deny them.

38.    Defendants deny, on information and belief, the allegations of Paragraph 38 of the Complaint.

39.    Defendants deny, on information and belief, the allegations of Paragraph 39 of the Complaint.

40.    Defendants deny, on information and belief, the allegations of Paragraph 40 of the Complaint.

41.    Defendants deny, on information and belief, the allegations of Paragraph 41 of the Complaint.

42.    Denied.

43.    Denied.

44.    Defendants lack sufficient information for form a belief as to the allegations of Paragraph 44 of the Complaint and on that basis, deny them.

45.    Defendants lack sufficient information for form a belief as to the allegations of Paragraph 45 of the Complaint and on that basis, deny them.

46.    Defendants lack sufficient information for form a belief as to the allegations of Paragraph 46 of the Complaint and on that basis, deny them.

47.    Defendants lack sufficient information for form a belief as to the allegations of Paragraph 47 of the Complaint and on that basis, deny them.

48.    Defendants lack sufficient information for form a belief as to the allegations of Paragraph 48 of the Complaint and on that basis, deny them.

49.    Denied.

50.    Denied.

51.    Admitted.

52.    In answering Paragraph 52 of the Complaint, Defendants admit that on or about December 20, 2006, Resurgence served "Plaintiff's Response to Defendant's Demand for Bill of Particulars" in the Underlying Action. Except as herein admitted, the remaining allegations of Paragraph 52 are denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    In answering Paragraph 57 of the Complaint, Defendants admit that on or about January 22, 2007, Resurgence dismissed its complaint in the

Underlying Action.  Except as herein admitted, the remaining allegations of Paragraph 57 are denied.

  58. Denied.

  59. Defendants deny, on information and belief, the allegations of Paragraph 59 of the Complaint.

  60. Denied.

  61. Denied.

  62. Denied.

  63. Denied.

  64. Denied.

  65. Denied.

  66. Defendants incorporate by reference paragraphs 1 through 66 above, as if fully stated herein.

  67. Denied.

  68. Denied.

  69. Defendants incorporate by reference paragraphs 1 through 69 above, as if fully stated herein.

  70. Denied.

  71. Denied.

  72. Defendants incorporate by reference paragraphs 1 through 71 above, as if fully stated herein.

  73. Denied.

  74. Denied.

  75. Denied.

  76. Denied.

1

# AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FIFTH AFFIRMATIVE DEFENSE**

**(No Wilful Conduct)**

Defendants acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not willful and should not give rise to liability.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendants.

**SEVENTH  AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the debt.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

**NINTH AFFIRMATIVE DEFENSE**

**(Apportionment)**

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendants.  The liability, if any exists, of

1  all Defendants and/or any responsible parties, named or unnamed, should be
2  apportioned according to their relative degrees of fault, and the liability of these
3  Defendants should be reduced accordingly.

4

5                      **TENTH AFFIRMATIVE DEFENSE**
6                           **(Supervening Cause)**

7          The causes of action in the Complaint are barred, in whole or in part, to the
8  extent that any injury or loss sustained was caused by intervening or supervening
9  events over which Defendants had or have no control.

10

11                   **ELEVENTH AFFIRMATIVE DEFENSE**
12                        **(Equitable Indemnity)**

13         To the extent that Plaintiff has suffered any damage as a result of any
14  alleged act or omission of Defendants, which Defendants deny, Defendants are
15  entitled to equitable indemnity according to comparative fault from other persons
16  and/or entities causing or contributing to such damages, if any.

17

18                    **TWELFTH AFFIRMATIVE DEFENSE**
19                              **(Setoff)**

20         To the extent that Plaintiff has suffered any damage as a result of any
21  alleged act or omission of Defendants, which Defendants deny, Defendants are, on
22  information and belief, entitled to a setoff in the amount Plaintiff owes to
23  Resurgence on her unpaid account, including any recoverable interest and
24  attorneys' fees.

25
26
27
28

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2

### (Litigation Privilege)

3          The actions of Defendants complained of in the Complaint constitute

4     communications that were made in good faith and in anticipation of or in

5     connection with ongoing litigation and Plaintiff's state law claims are therefore

6     barred, in whole or in part, by the litigation privilege.

7

8

## FOURTEENTH AFFIRMATIVE DEFENSE

9

### (First Amendment)

10         Defendants' conduct is protected under the First Amendment of the United

11    States Constitution and the California Constitution.  Plaintiff's proposed

12    interpretation of provisions of the FDCPA and the Rosenthal Act must be rejected

13    as they would place an unreasonable restraint upon Defendants' First Amendment

14    rights, thereby raising serious constitutional issues.

15

16         WHEREFORE, Defendants request judgment as follows:

17         1.   That Plaintiff takes nothing by the Complaint, which should be

18    dismissed with prejudice.

19         2.   That Defendants recover from Plaintiff their costs according to proof.

20         3.   That Defendants recover their attorneys' fees according to proof.

21         4.   That the Court orders such other further reasonable relief as the Court

22    may deem just and proper.

23    DATED: December 3, 2007          SIMMONDS & NARITA LLP

24

25

26                                    By:   s/Tomio Narita
                                          Tomio B. Narita
27                                        Attorneys for Defendants

28