Ronald Wilcox, Esq., State Bar No. 176601
2160 The Alameda, Suite F, First Floor
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JILLIAN MCINTYRE,<br><br>        Plaintiff,<br><br>v.<br><br>RESURGENCE FINANCIAL, LLC, a corporation; HUAN TIEN NGUYEN; and NICK ZAGORSKI,<br><br>        Defendants. | CIV. NO. C07-05565 MMC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: February 8, 2008<br>Time: 10:30 am<br>Courtroom 7<br>19th Floor |

The parties of the above-entitled action jointly submit this Case Management Statement.

1. **JURISDICTION AND SERVICE:**

Plaintiff alleges that the jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and that supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Defendant refuses to agree with such.

**Issues regarding personal jurisdiction or venue**

None known at this time.

**Parties which remain to be served:**

None at this time.

2. **FACTS:**

- 1 -

Joint Case Management Conference Statement

Plaintiff's Position: Plaintiff alleges that Defendant is a debt buyer. Defendant refuses to agree to such. Plaintiff brought action against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., the California Rosenthal Act, Civil Code 1788 et seq., and related common law tort claims. Plaintiff alleges that Defendant sued Plaintiff on a time-barred debt and then refused to dismiss the suit. Plaintiff alleges that Defendants made false deceptive and misleading statements in an effort to collect a debt, attempted to collect an amount not owed by contract or law, threatened and took action it could not legally take, engaged in conduct the natural consequence which was to annoy, harass and abuse, and engaged in unfair and unconscionable practices in an attempt to collect a debt. Plaintiff further alleges that she suffered severe emotional distress as a direct result of Defendants' unlawful conduct.

Defendants position: Defendants deny all of the material allegations of the complaint. The collection lawsuit filed against Plaintiff was not time-barred, and even if it was, it is not unlawful to file a suit based upon a time-barred debt. The other theories of recovery proffered by Plaintiff have been rejected by every court that has considered them, as they do not amount to violations of the FDCPA or the Rosenthal Act. Defendants deny that any of their communications or conduct violated federal or state law.

3. **LEGAL ISSUES:**

   a. Whether Defendant had any right to collect the alleged debt from Plaintiff.

   b. Whether Defendants falsely represented the legal status of the debt.

   c. Whether Defendants falsely represented the character of the debt.

   d. Whether Defendants falsely represented the amount of the debt.

   e. Whether Defendants took action and/or threatened to take action not intended to take, or which could not be lawfully taken.

f.  Whether Defendants used false, deceptive and misleading communications in an attempt to collect a debt.

g.  Whether Defendants engaged in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff.

h.  Whether Defendants used unfair or unconscionable means to attempt to collect a debt in suing on a time-barred debt.

i.  Whether Defendants attempted to collect an amount of principal and interest not authorized by agreement or permitted by law.

j.  Whether Defendants attempted to collect attorneys' fees not authorized by agreement or permitted by law.

k.  Whether Defendants' earlier action against Plaintiff was pursued to a legal termination in favor of Plaintiff.

l.  Whether Defendants' earlier action against Plaintiff was brought, and/or continued without probable cause.

m.  Whether Defendants' earlier action was initiated, or continued with malice.

n.  Whether Defendants' actions were malicious, oppressive and fraudulent.

o.  Whether Plaintiff suffered severe emotional distress as a direct result of Defendants' unlawful conduct.

p.  Whether the statute of limitations had run as to any of the claims asserted in the collection lawsuit filed against Plaintiff.

q.  Whether Plaintiff has pled a viable cause of action, even assuming that some or all of the claims asserted in the collection complaint were time-barred.

r.  Whether any of the factual allegations identified in the complaint, even if true, amount to a viable claim under the FDCPA or state law.

     s.     Whether Plaintiff's state law claims are barred as a matter of law by the litigation privilege.

**4. MOTIONS:**

Plaintiff's Position: The parties met and conferred for more than 30 minutes on December 11, 2007. Plaintiff has noticed depositions for Defendants Nick Zagorski and Huan Tien Nguyen for February 13 and 14, 2008 (see Par. 8 below). Defendant served objections claiming the parties had not yet met and conferred, and the venue is improper (San Diego, CA). However Defedant refuses to reveal where these Defendants reside and has yet to file and serve any Motion for Protective Order. In the event Defendants fail to appear Plaintiff will bring a Motion for Sanctions/To Compel. The parties spoke again on January 30, 2008, and Defendants have stll yet to cooperate in deposition scheduling. Additionally, Defendant has failed to answer written discovery. Absent some Motion to Deem the Requests to Admit are Not Deemed Admitted, then pursuant to the Fed. R. Civ. Pro. the Defendants have admitted.

Defendants plan to file motions for judgment on the pleadings and, if necessary, for summary judgment.

**5. AMENDMENT OF PLEADINGS:**

Each side can amend the pleadings once without further stipulation.

**6. EVIDENCE PRESERVATION:**

None known at this time.

**7. DISCLOSURES:**

All parties will exchange initial disclosures by February 15, 2008.

**8. DISCOVERY:**

**The parties agree to the following discovery plan:**

Plaintiff's statement: The parties spoke by telephone on December 11, 2007. During such conversation the parties discussed, ADR, discovery and early settlement. The parties agreed to Mediation as an ADR process (however Defendants did not sign and return the stipulation until January 30, 2008, thus forcing Plaintiff to fle a Notice of Need of ADR Conference as required by the ADR Scheduling Order). Plaintiff requested whether the individual Defendants, Nick Zagorski, and Huan Tien Nguyen, still resided in the Costa Mesa area, since Plaintiff intended to notice their depositions. Since Defendants' counsel had yet to speak to these Defendants, Plaintiff's counsel indicated he would proceed with written discovery at the time, and would not notice the depositions as of yet. As of Defendant January 25, 2008, Defendant had still yet to reveal any available deposition dates, and any preferred location for such. Having waited 6-weeks with no cooperation from Defendants, Plaintiff noticed the depositions for February 13 and 14, 2008.

In an effort to keep costs down, and help formulate a settlement demand as requested by Defendants, on December 11, 2007, Plaintiff requested Defendants provide informal discovery, and produce: 1) collection logs/notes, 2) phone bills/phone records, and 3) collection procedures manuals (items which have been ordered at the CMC by Judges in the San Jose Division to help streamline matters) Defendants have failed to agree to such. On January 30, 2008 the Defendants (for the first time) produced two-pages of a credit card statement which purports that Plaintiff had made a payment on November 12, 2002. Plaintiff's counsel has not yet ad an opportunity to speak with Plaintiff about this document. Plaintiff would agree to use the Court's model protective order (minus the optional provision language, which is unnecessary in these actions).

Defendants' Statement: The parties have not conducted a Rule 26(f) conference yet in this case. The Defendants believe that the issues presented in this case are primarily, if not exclusively, legal issues, and that Plaintiff cannot state a viable claim under the FDCPA or state law as a matter of law. Defendants plan to file dispositive motions to address the claims asserted.

- 5 -

Joint Case Management Conference Statement

Counsel for Defendants agreed to consider the proposal made by Plaintiff to engage in informal discovery. However, before the proposal could be evaluated, counsel for Plaintiff purported to serve formal discovery responses, and has now complained that Defendants have served objections to the same. Plaintiff is also seeking to take depositions even though the parties have not conducted a Rule 26(f) conference, so Defendants have served objections. The deposition notices are also improper since they are noticed for an improper venue.

**CLASS ACTIONS:**

N/A.

10. **RELATED CASES:**

Plaintiff believes there are other cases involving Defendant in California that contained similar facts and will be conducting discovery in that regard. Defendant states that there are no related cases, and Defendant will object to any improper discovery by Plaintiff.

11. **RELIEF**:

Plaintiff seeks statutory damages and actual damages pursuant to Cal. Civil Code § 1788.17, 1788.30, and 15 U.S.C. § 1692k. Plaintiff further seeks costs and reasonable attorney's fees pursuant to Cal. Civil Code § 1788.17, 1788.30, and 15 U.S.C. § 1692k. Plaintiff alleged actual and punitive damages under California law. The damages are to be determined by the trier of fact.

12. **SETTLEMENT AND ADR:**

The parties have agreed to Mediation.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

Plaintiff consented to assignment of this case to a United States Magistrate Judge for jury trial. Defendants declined to assignment of this case to a United States Magistrate Judge for jury trial.

**14. OTHER REFERENCES:**

N/A.

**15. NARROWING OF ISSUES:**

Plaintiff's Statement: In an effort to keep costs down, and help formulate a settlement demand as requested by Defendants, on December 11, 20007. Plaintiff requested Defendants provide informal discovery, and produce: 1) collection logs/notes, 2) phone bills/phone records, and 3) collection procedures manuals. Defendant's counsel was not authorized to agree to such. Nor could Defendant's counsel answer where the individual Defendants were located, since he had not yet spoken to them. Turnover of the documents, and an agreement on deposition location and scheduling, while at the CMC, would greatly help to narrow the issues in the case, and reduce the possibility of timely and costly discovery motion practice, and could help lead to agreement on dispositive issues.

Defendants' Statement: Defendants believe that most, if not all, the issues presented in this case are legal issues, and that the case can be narrowed substantially through motion practice.

**16. EXPEDITED SCHEDULE:**

See below.

**17. SCHEDULING:**

The parties propose the following dates:

Deadline to Amend Claims/Add Parties: Plaintiff suggests 9 months (to allow for discovery); Defendants suggest 3 months.

Designation of Experts: Plaintiff suggests 8 months, Defendants suggest 6 months

Discovery Cutoff: Plaintiff suggests 8 months (to allow for motion practice), Defendants suggest 6 months

Hearing of Dispositive Motions: 10 months

Pretrial conference and trial: 12 months

18. **TRIAL:**

The case will be tried by jury and expected to last for 3-5 days.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES**

Plaintiff has not filed the "Certification of Interested Entities or Persons." Other than the named parties, there is no such interest to report. Defendants have filed the "Certification of Interested Entities or Persons."

20. **OTHER:**

None known at this time.


Dated: Feburary ___, 2008

_____
Ronald Wilcox, Counsel for Plaintiff

Dated: February 1, 2008

_____
Tomio Narita, Counsel for Defendants